UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDYMAN KITCHENS INC.,
a Florida corporation,

        Plaintiff,

v.

SANDCRAFTERS LLC,
a Pennsylvania limited liability company,

SALLY SOLOMON,
an individual,

        Defendants.
_____/

Case No.: 8:18-cv-00869-SDM-CPT

**<u>DEFENDANT SANDCRAFTERS, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST
AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

Defendant SandCrafters, LLC ("SandCrafters") responds to the First Amended Complaint filed by Candyman Kitchens, Inc., as follows.

## NATURE OF THE ACTION

1. Admit Plaintiff has filed a complaint asserting a cause of action for trademark counterfeiting, trademark infringement, unfair competition, contributory trademark counterfeiting, and contributory trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.* ("Lanham Act"), and for cybersquatting under the Anticybersquatting Consumer Protection Act 15 U.S.C. § 1125(d) ("ACPA"); otherwise, denied. Sandcrafters further specifically denies that Plaintiff is entitled to relief under any of the asserted causes of action.

## PARTIES, JURISDICTION, AND VENUE

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Admit.

5. Admit that SandCrafters sells certain items; otherwise, denied.

6. Admit.

7. Admit.

8. Without knowledge, therefore denied.

9. Admit Creative Concepts manufactures and sells certain products; otherwise, without knowledge, therefore denied.

10. Admit the statutes speak for themselves; otherwise, denied.

11. Admit the statutes speak for themselves; otherwise, denied.

12. Denied.

13. Denied.

## CANDYMAN KITCHENS' (ALLEGED) OWNERSHIP OF THE SANDY CANDY TRADEMARK

14. Admit Exhibit A speaks for itself; otherwise, without knowledge, therefore denied.

15. Without knowledge, therefore denied. SandCrafters further denies that Candyman Kitchens or Can You Imagine That! Confections, Inc. ("Can you Imagine That") had anything to do with any goodwill the Sandy Candy mark may have gained, to the extent it did.

16. Admit Exhibit A speaks for itself; otherwise, denied.

17. Admit Can You Imagine That distributed its product to SandCrafters, otherwise denied.

18. Denied.

19. Admit Exhibit D and Exhibit E speak for themselves; otherwise, denied.

20. Admit Exhibit A speaks for itself; otherwise, denied.

## THE BUSINESS RELATIONSHIP

21. Admit that SandCrafters began selling Sandy Candy; otherwise, denied.

22. Admit that Exhibit F speaks for itself; otherwise, denied.

23. Admit SandCrafters used the Domain to sell Sandy Candy products manufactured and provided by Can You Imagine That; otherwise denied.

24. Admit SandCrafters sold Sandy Candy for a number of years; otherwise, denied.

## THE PRESENT DISPUTE

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied, including subparts.

37. Denied.

38. Denied.

39. Without knowledge, therefore denied.

40. Denied.

41. Admit Defendants altered their website for SandCrafters; otherwise, denied.

**CREATIVE CONCEPTS CONTRIBUTION TO INFRINGEMENT**

42. Denied.

43. Without knowledge, therefore denied.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Without knowledge, therefore denied.

47. Without knowledge, therefore denied.

48. Without knowledge, therefore denied.

49. Without knowledge, therefore denied.

50. Without knowledge, therefore denied.

51. Without knowledge, therefore denied.

52. Admit Creative Concepts supplies products to SandCrafters; otherwise, denied.

53. Denied.

54. Without knowledge, therefore denied.

### THE HARM DEFENDANTS (ALLEGEDLY) CAUSED

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

### COUNTS I &II-TRADEMARK COUNTERFEITING & INFRINGEMENT
### [15 U.S.C. § 1114]

61. SandCrafters re-alleges and incorporates its responses to paragraphs 1 through 60 above as if fully set forth herein.

62. Without knowledge, therefore denied.

63. Without knowledge, therefore denied.

64. Denied.

65. Denied.

66. Denied.

### COUNT III-CYBERSQUATTING
### [15 U.S.C. §1125(D)]

67. SandCrafters re-alleges and incorporates its responses to paragraphs 1 through 60 above as if fully set forth herein.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

## COUNT IV-FEDERAL UNFAIR COMPETITION
## [15 U.S.C. § 1124(A)]

73. SandCrafters re-alleges and incorporates its responses to paragraphs 1 through 60 above as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

## COUNTS V & VI-CONTRIBUTORY TRADEMARK
## COUNTERFEITING & INFRINGEMENT
## [15 U.S.C. § 1114]

77. SandCrafters re-alleges and incorporates its responses to paragraphs 1 through 60 above as if fully set forth herein.

78. Admit Creative Concepts supplies SandCrafters certain products; otherwise, denied.

79. Denied.

80. Denied.

81. Without knowledge, therefore denied.

82. Without knowledge, therefore denied.

83. Admit Creative Concepts supplies SandCrafters certain products; otherwise, denied.

84. Without knowledge, therefore denied.

## PRAYER FOR RELIEF

Defendant, SandCrafters denies Plaintiff's prayer for relief in the WHEREFORE clause, including the requested relief for Count I, Count II, Count III, Count IV and Count V, Plaintiff's request for treble damages, and specifically as to the numbered paragraphs:

1. Denied.

2. Denied.

3. Denied.

### COUNT I & V- TRADEMARK COUNERFEITING & CONTRIBUTORY TRADEMARK COUNTERFEITING

(A) Denied.

(B) Denied.

(C) Denied.

(D) Denied.

(E) Denied.

### COUNT II&VI-TRADEMARK INFRINGEMENT & CONTRIBUTORY TRADEMARK INFRINGEMENT

(A) Denied.

(B) Denied.

(C) Denied.

### COUNT III-CYBERSQUATTING

(A) Denied.

(B) Denied.

(C) Denied.

## COUNT IV-FEDERAL UNFAIR COMPETITION

(A) Denied.

SandCrafters further requests that this Court enter judgment in its favor, including damages, costs and attorneys' fees (to the extent recoverable) and for such other and further relief this Court deems just and proper.

## **GENERAL DENIAL**

Any allegations not specifically admitted are denied.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring the claims and causes of action asserted against SandCrafters. SandCrafters did not, and has not, had any business relations with Candyman Kitchens, who only allegedly acquired the Sandy Candy trademark in March 2017 for $100.00.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by waiver, acquiescence, estoppel, laches and/or unclean hands. SandCrafters used the Domain it legally acquired with knowledge of Can You Imagine That (David Klein) without objection until 2017 (and from which Can You Imagine That and/or Plaintiff benefited) when Plaintiff and/or Can You Imagine That quit supplying Sandy Candy to SandCrafters to sell. In fact, Can You Imagine That had its own website, www.niftycandy.com, it used until 2017. Furthermore, as an example of Plaintiff's unclean hands, Plaintiff registered the domain www.sandycandies.com on April 3, 2017 and blatantly and willfully copied, infringed and misused SandCrafter's Domain by essentially copying the

entirety of SandCrafters' Domain, right down to the contact information at the bottom of the home page and on the contact page. Furthermore, Plaintiff waived, acquiesced and is estopped from asserting the claims against SandCrafters as SandCrafters has used the domain Sandycandy.com for nearly 20 years without complaint or objection and to the benefit of Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for Trademark Counterfeiting and Infringement under the Lanham Act, 15 U.S.C. § 1114 because SandCrafters did not use the Domain or Sandy Candy name without consent, nor did SandCrafters ever use the Domain with the intent to cause confusion, mistake, or to deceive consumers. Rather, SandCrafters legally registered the Domain in 2000/2001. SandCrafters used the Domain it legally acquired with knowledge of Can You Imagine That (David Klein) without objection until 2017 when Plaintiff and/or Can You Imagine That quit supplying Sandy Candy to SandCrafters to sell. In fact, Can You Imagine That had its own website, www.niftycandy.com, it used until 2017.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state a claim for Cybersquatting under ACPA 15 U.S.C. § 1125(d). SandCrafters legally registered the Domain on May 3, 1999, more than nine (9) months before Can You Imagine That even applied to register the mark Sandy Candy. SandCrafters used the Domain it legally acquired with knowledge of Can You Imagine That (David Klein) without objection until 2017 when Plaintiff and/or Can You Imagine That quit supplying Sandy Candy to SandCrafters to sell. In fact, Can You Imagine That had its own website, www.niftycandy.com, it used until 2017. Furthermore, at the time SandCrafters lawfully

registered the Domain, it was not distinctive, was not a famous mark and was not protected. Rather, SandCrafters spent many years and invested much time, energy and expense building and marketing the "SandCrafters" name, selling edible art to its customers, which included Sandy Candy and from which Can You Imagine That and/or Plaintiff benefited.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for Federal Unfair Competition under Lanham Act, 15 U.S.C. § 1125(a). SandCrafters sold the Sandy Candy product distributed by Can You Imagine That up until Can You Imagine That stopped and/or refused to supply said product to SandCrafters, at which time SandCrafters began selling other edible sand art.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because they seek relief that contradicts public policy by deterring competition and promoting monopoly.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's purported assignment of the Sandy Candy registration and mark is invalid.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has a valid trademark of Sandy Candy, said trademark was abandoned by its predecessor in interest.

Defendants reserve the right to amend and/or supplement its affirmative defenses as discovery is ongoing.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury of all issues so triable.

Respectfully submitted,

_____
C. RYAN JONES, ESQUIRE
Fla. Bar No. 0029043
Trial Counsel
KIMBERLY VAN DER RIET, ESQUIRE
Fla. Bar No. 27164
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
727.898.8100 - Telephone
727.895.4838 - Facsimile
Attorneys for Defendant
rjones@tlsslaw.com
kvanderriet@tlsslaw.com
servicerjones@traublieberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of June, 2018, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to John T. Nelson, Esq., Attorney for Plaintiff, Nelson Cyber Law, PLLC, 360 Central Avenue, 8th Floor, St. Petersburg, FL 33701 at john@nelson.law.

_____
Attorney