UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDYMAN KITCHENS INC.,
a Florida corporation,

        Plaintiff,

v.

SANDCRAFTERS LLC,
a Pennsylvania limited liability company,

SALLY SOLOMON,
an individual,

        Defendants.
_____/

Case No.: 8:18-cv-00869-SDM-CPT

## DEFENDANT SALLY SOLOMON'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED
## COMPLAINT, AND INCORPORATED MEMORANDUM OF LAW

Defendant Sally Solomon ("Solomon"), pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully requests this Court to dismiss Plaintiff's First Amended Complaint against Solomon because the complaint fails to state a claim upon which relief can be granted. As outlined below, Plaintiff improperly seeks to impose personal liability on Solomon for actions allegedly taken by a limited liability company.

## INTRODUCTION

This case involves Plaintiff's objection to Defendants' lawful use of the domain sandycandy.com and the trademark Sandy Candy. Plaintiff filed this lawsuit against SandCrafters, LLC ("SandCrafters") and Solomon, individually. In its First Amended

Complaint, Plaintiff alleges the following causes of action[1]: trademark counterfeiting; trademark infringement; cybersquatting; federal unfair competition; contributory trademark counterfeiting; and contributory trademark infringement.

According to the complaint, sometime in 1999, David Klein, owner of Can You Imagine That, reached out to Solomon at SandCrafters about selling Sandy Candy products. [Doc. 18, ¶ 21]. Solomon is the principal of SandCrafters, which is a limited liability company that sells edible sand art. [Doc. 18, ¶¶ 4-7]. It was at that time that SandCrafters and Can You Imagine That began doing business. [Doc. 18, ¶ 21].

SandCrafters legally registered the Domain sandycandy.com in 1999 with the knowledge of Can You Imagine That. [Doc. 18, ¶ 22]. SandCrafters used the Domain it legally acquired with knowledge of Can You Imagine That, without objection, until 2017, when Can You Imagine That quit supplying Sandy Candy to SandCrafters. [Doc. 18, ¶¶ 23-26]. Up until that time, SandCrafters was the largest distributor of Sandy Candy. [Doc. 18, ¶ 24]. Thereafter, SandCrafters found a new supplier for edible sand art and began selling same. [Doc. 18, ¶ 51].

Plaintiff now seeks to hold SandCrafters and Solomon, individually, liable based on the counts described above.

## **LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6), a court "must accept the allegations of the complaint as true and must construe the facts alleged in the light most favorable to the plaintiff." *Hunnings v. Texaco, Inc.*, 29 F. 3d 1480, 1484 (11th Cir. 1994) (citation omitted).

---

[1] In its First Amended Complaint, Plaintiff does not specify which counts apply to which defendants.

However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (citation omitted). It is patently insufficient for plaintiffs to simply regurgitate labels, conclusions and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "'[N]aked assertions' devoid of 'further factual enhancement'" is also insufficient to survive a motion to dismiss. *Ashcroft v. Iqbal*, U.S. 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (*quoting Twombly*, 550 U.S. at 570). This standard is only met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility and entitlement to relief.'" *Id.* (*citing Twombly*, 550 U.S. at 557).

## ARGUMENT

Plaintiff fails to state a cause of action against Defendant Solomon personally, and as such, the claims against Solomon individually must be dismissed. To begin, Florida substantive law applies because the Court is sitting in diversity. *Auspech, Inc. v. Wireless Digital Group, LLC*, 2014 U.S. Dist. Lexis 190632, 4-5 (S.D. Fla. 2014); *see also Admiral Ins. Co. v. Feit Management Co.*, 321 F. 3d 1326, 1328 (11th Cir. 2003) ("Sitting in diversity,

we apply substantive law of the forum state unless federal constitutional or statutory law compels a contrary result").

"In Florida, LLCs and corporations ... can be sued and defend in their own name. As a result, managing members, officers, directors and shareholders are shielded from personal liability arising from their relationship to the corporate entity." *Auspech, Inc.*, 2014 U.S. Dist Lexis 190632 at *5. *See also Dinuro Investments, LLC v. Camacho,* 141 So. 3d 731 (Fla. 3d DCA 2014) ("limited liability is one of the paramount reasons for forming an LLC").

Indeed, Florida Statute, § 605.0304(1) provides:

> A debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company. A member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager. This subsection applies regardless of the dissolution of the company.

Fla. Stat. §605.0304(1). There are only certain limited circumstances in which personal liability may attach to a member or director – neither of which is applicable here and neither was pled.

The limited circumstances in which a member of an LLC can be personally liable are set forth in Florida Statute §605.04093 and require the manager or managing member breaching or failing to perform the duties required of him/her. Further, the breach or failure to perform must be either a violation of criminal law, provide an improper personal benefit, an improper distribution, willful misconduct, an act or omission committed bad faith or with malicious purpose.

The second way a member or shareholder may be personally liable for the actions of the entity is through piercing the corporate veil. *Auspech, Inc.*, 2014 U.S. Dist Lexis 190632 at **6-7. "A party seeking to pierce the corporate veil and prove alter ego liability must show both a blurring of corporate lines, such as ignoring corporate formalities or using a corporation for the member's personal interest, and that the member used the corporation for some illegal, fraudulent or other unjust purpose." *Id.* at *10.

There are no allegations in Plaintiff's First Amended Complaint [Doc. 18] that would lend themselves, even if taken as true, to Solomon being sued in her individual capacity. Plaintiff has not, and cannot, allege any facts showing that Solomon failed or breached her duties as the sole member of SandCrafters that would lead to individual liability. Nor has Plaintiff alleged any facts that establish the corporate veil of SandCrafters should be pierced: Plaintiff failed to allege a blurring of corporate lines; Plaintiff failed to allege that SandCrafters was used for Solomon's personal interest; and Plaintiff failed to allege that Solomon used SandCrafters for some illegal, fraudulent or other unjust purpose. Moreover, Plaintiff cannot in good faith make these allegations.

Additionally, Plaintiff's own allegations show that SandCrafters was a "legitimate" business run by its sole member, Solomon, with whom Plaintiff (or its predecessor) worked for many years prior to the initiation of the instant litigation. Everything alleged to have been done by Solomon was done as the agent of and/or on behalf of SandCrafters.

## CONCLUSION

For the reasons outlined above, Solomon respectfully requests the Court dismiss Plaintiff's First Amended Complaint as to Solomon because Plaintiff failed to state a cause of action against Solomon individually.

Respectfully submitted,

_____
C. RYAN JONES, ESQUIRE
Fla. Bar No. 0029043
Trial Counsel
KIMBERLY VAN DER RIET, ESQUIRE
Fla. Bar No. 27164
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
727.898.8100 - Telephone
727.895.4838 - Facsimile
Attorneys for Defendant
rjones@tlsslaw.com
kvanderriet@tlsslaw.com
servicerjones@traublieberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of June, 2018, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to John T. Nelson, Esq., Attorney for Plaintiff, Nelson Cyber Law, PLLC, 360 Central Avenue, 8th Floor, St. Petersburg, FL 33701 at john@nelson.law.

_____
Attorney