UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDYMAN KITCHENS, INC.,
a Florida corporation,

    Plaintiff,                        CASE NO. 8:18-cv-00869-SDM-CPT

v.

SANDCRAFTERS LLC,
a Pennsylvania limited liability company,

SALLY SOLOMON,
an individual,

SANDBLAST BY CREATIVE CONCEPTS, INC.,
an Alabama corporation,

    Defendants.
_____/

**DEFENDANT SANDBLAST BY CREATIVE CONCEPTS, INC.'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITIVE STATEMENT WITH INCORPORATED MEMORANDUM OF LAW**

Defendant, SANDBLAST BY CREATIVE CONCEPTS, INC. ("Creative Concepts"), by and through undersigned counsel and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure* (individually a "Rule" and collectively the "Rules"), files its Motion to Dismiss Counts V and VI of Plaintiff's First Amended Complaint and Demand for Jury Trial (the "Amended Complaint") for failure to state a cause of action. In the alternative, and pursuant to Rule 12(e), Creative Concepts files its Motion for More Definite Statement with Incorporated Memorandum of Law.

In short, the Plaintiff's Amended Complaint against Creative Concepts should be dismissed because the Plaintiff's allegations in Counts V and VI of the Amended Complaint

1

are not plausible on the face of the pleadings and do not contain sufficient facts to state a cause of action for the aforementioned and respective counts under Rule 12(b)(6). Even if the Plaintiff survives Creative Concepts' Motion to Dismiss, then in the alternative, this Court should order the Plaintiff to amend Counts V and VI to make a more definite statement because the Plaintiff's allegations are so vague and ambiguous that Creative Concepts cannot reasonably prepare a response. As grounds therefor and in support thereof, Creative Concepts states:

## INTRODUCTION/STATEMENT OF THE CASE

Creative Concepts is an Alabama corporation located in Birmingham, Alabama, that produces powdered candy that is used in candy sand art as well as interactive candy dispensing systems. One of the products manufactured by Creative Concepts is Pucker Powder, which is powdered candy used in candy sand art. Creative Concepts is the owner of the trademark Pucker Powder, which has been registered at the U.S. Patent & Trademark Office as Reg. No. 2794718. Creative Concepts sells Pucker Powder to distributors across the country, including but not limited to co-Defendant SANDCRAFTERS LLC ("SandCrafters"). Creative Concepts is not the owner of, does not manage, or maintain any control over SandCrafters. In the alternative, Creative Concepts is not a subsidiary of SandCrafters, and SandCrafters does not manage or maintain any control over Creative Concepts. Simply stated, the relationship between Creative Concepts and SandCrafters is solely a vendor-vendee relationship.

Nevertheless, after commencing the above-referenced action against SandCrafters for trademark counterfeiting, trademark infringement, cybersquatting, and federal unfair competition filed the above-captioned action on April 12, 2018 against SandCrafters and co-Defendant SALLY SOLOMON ("Solomon") [Doc. 1], the Plaintiff filed the Amended Complaint on June

4, 2018 to add Creative Concepts as a co-Defendant in this action. [Doc. 18]. The Plaintiff's specific counts alleged against Creative Concepts are for contributory trademark counterfeiting (Count V) and contributory trademark infringement (Count VI). *Id.* at ¶¶ 77-84. The Plaintiff served Creative Concepts on or about June 15, 2018.[1]

The sole basis of the Plaintiff's claims against Creative Concepts stem from an unscheduled encounter on or about July 14, 2017 by the Plaintiff's president DAVID H. KLEIN ("Klein") who randomly chose to arrive unannounced at Creative Concepts' place of business without prior notice or warning to Creative Concepts. *Id.* at ¶¶ 42-54. Klein met with Creative Concepts' founder and co-owner SCOTT GREEN ("Mr. Green") in the foyer and parking lot and parking lot of Creative Concepts' offices in which Klein demanded that Creative Concepts stop conducting business with SandCrafters based on a screenshot of a web page of which Mr. Green had no prior knowledge. *Id.*

For the reasons stated herein, there is no factual basis for and to support the Plaintiff's claims against Creative Concepts.

## **LEGAL STANDARD**

### I.     **Motion to Dismiss**

Under Rule 12(b)(6), a complaint should be dismissed if it does not contain sufficient factual allegations that, if accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim lacks facial plausibility if it does not contain sufficient factual allegations to allow the court to draw a "reasonable inference" that

---

[1] Creative Concepts contests the validity of the Plaintiff's attempted service of process because Creative Concepts was not served with the Amended Complaint and several exhibits as required under Rule 4(e) and Section 48.031, *Florida Statutes* (2017). Nevertheless, and in order to promote judicial economy, Creative Concepts is choosing to forego its objections relating to procedural matters in order to focus on the substantive deficiencies of the Plaintiff's claims via this Motion.

the claimant is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Naked assertions" devoid of "further factual enhancement" do not sufficiently state a cause of action and will not survive a motion to dismiss. *Id.* at CITE (quoting *Twombly*).

**II.     Motion for More Definite Statement**

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is <u>so vague or ambiguous</u> that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e)(emphasis added). "Where allegations are vague and ambiguous...the court should require the plaintiff to replead his claims." *Gilbert v. Daniels*, 624 F. App'x 716, 718 (11th Cir. 2015).

## ARGUMENT

**I.     THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE COUNTS V AND VI ARE NOT PLAUSIBLE ON THE FACE OF THE PLEADINGS.**

Creative Concepts' Motion to Dismiss should be granted because Plaintiff's allegations are not factually sufficient to state claims for contributory trademark counterfeiting and contributory trademark infringement, respectively Counts V and VI purport to state claims for contributory trademark counterfeiting and contributory trademark infringement, respectively. Contributory trademark counterfeiting and contributory trademark infringement claims require, at a minimum, both an allegation of direct trademark counterfeiting and/or infringement by a third party and "an allegation of an intentional or knowing contribution" to that counterfeiting and/or infringement by the defendant. *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1246-47 (11th Cir. 2007); *see also Coach, Inc. v. Farmers Mkt. & Auction*, 881 F. Supp. 2d 695 (D. Md. 2012) (contributory trademark counterfeiting and contributory trademark infringement both fall under the Lanham Act, 15 USC § 1114). Evidence of intentional and/or knowing contributions to trademark counterfeiting and/or trademark

infringement can be found when a defendant has intentionally or knowingly induced the counterfeiting and/or infringement, when a defendant has control over the counterfeiting and/or infringing party and refuses to use that control to stop the counterfeiting and/or infringement, or when a defendant facilitates the counterfeiting and/or infringement. *See, e.g., Inwood Labs. v. Ives Labs.*, 456 U.S. 844 (1982)(manufacturer was liable for contributory trademark infringement when it knew pharmacists were mislabeling drugs it produced and continued to supply them anyway); *Mini Maid Servs. Co. v. Maid Brigade Sys.*, 967 F.2d 1516 (11th Cir. 1992)(franchisor was liable when it refused to exercise control to prevent franchisees from engaging in trademark infringement); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996)(flea market was liable for contributory trademark infringement when it provided the venue for the sale of the infringing products); *Phx. Entm't Partners, LLC v. George & Wendy's Tropical Grill, LLC*, No. 2:16-cv-852-FtM-99MRM, 2017 U.S. Dist. LEXIS 31131, at *19 (M.D. Fla. Mar. 6, 2017)(bar facilitated the scheme of trademark infringement by providing a venue for karaoke service that was engaging in trademark infringement). A party is not liable for trademark infringement merely because one of its customers is engaging in trademark infringement. *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980 (9th Cir. 1999) (company in charge of registering domain names was not liable for trademark infringement when its customers engaged in the trademark infringement). Furthermore, to determine if a party has contributed to trademark infringement, a court "should consider the <u>nature and extent</u> of the communication . . . regarding the infringing acts." *Mini Maid Servs. Co.* 967 F.2d at 1522. (emphasis added).

Here, the Plaintiff has failed to allege facts that, even if accepted as true, would plausibly lead to a reasonable inference that Creative Concepts intentionally and/or knowingly contributed

5

to any alleged trademark counterfeiting and/or trademark infringement by any third party, regardless of whether said alleged counterfeiting and/or infringement occurred. Plaintiff must plead sufficient allegations for this Court to plausibly infer not only that the counterfeiting and/or infringement occurred, but also that Creative Concepts intentionally and/or knowingly contributed to it. *E.g., Henkel,* 496 F.3d at 1246-47. The Plaintiff fails to carry its burden in its allegations of Counts V and VI.

Nevertheless, and in an apparent attempt to overcome the shortcomings and insufficiencies of its allegations to state a cause of action, the Amended Complaint contains a section entitled "CREATIVE CONCEPTS' CONTRIBUTION TO INFRINGEMENT" as the basis of its claims. [Doc. 18 at ¶¶42-54]. The aforementioned portion of the pleadings concerns a sole, brief, and unscheduled encounter between on July 14, 2017 in the foyer and parking lot of Creative Concepts' office in Alabama between Mr. Green and Klein and where Klein stated Creative Concepts knowingly engaged in contributory trademark counterfeiting and/or trademark infringement. *Id.* at ¶43. During this unplanned encounter, the Plaintiff alleges that Klein found the web page belonging to Defendant SandCrafters on his smart phone, and showed it to Mr. Green. *Id.* at ¶47. Mr. Green stated he had no knowledge of any alleged trademark counterfeiting and/or trademark infringement on behalf of SandCrafters. *Id.* The Plaintiff's only other allegation concerning any alleged contributory trademark counterfeiting and/or infringement is that Creative Concepts supplies SandCrafters with Creative Concepts' product, Pucker Powder, which the Plaintiff believes is similar to its product. *Id.* at ¶¶52, 78. The one brief and unplanned encounter between Klein and Mr. Green does not create a reasonable inference that Creative Concepts intentionally and/or knowingly contributed to any alleged

trademark counterfeiting and/or trademark infringement by SandCrafters. *See Henkel,* 496 F.3d at 1246.

In addition, even if accepted as true, the Plaintiff's allegations do not and cannot reasonably lead this Court to infer that Creative Concepts has induced SandCrafters to engage in trademark counterfeiting and/or infringement. SandCrafters' relationship as a customer of Creative Concepts does not and cannot reasonably lead to any reasonable inference that Creative Concepts has induced SandCrafters to engage in alleged trademark counterfeiting and infringement based on the face of the Plaintiff's pleadings.. Creative Concepts' denial of any knowledge of SandCrafters' alleged trademark counterfeiting and/or trademark infringement cannot be inferred from the Plaintiff's allegations that Creative Concepts induced any alleged trademark counterfeiting and/or infringement.

Creative Concepts is also not responsible for, or involved in any way with, the management of SandCrafters' website and/or any other part of SandCrafters' business—and accordingly, the Plaintiff does not and cannot make any allegation concerning the operation of SandCrafters' website. Creative Concepts and SandCrafters merely have a business where Creative Concepts supplies SandCrafters with a certain product, Pucker Powder. Consequently, Creative Concepts is not responsible for closely monitoring the day-to-day business decisions and actions taken by SandCrafters, including SandCrafters' website and calls made to SandCrafters, and Plaintiff fails to allege any facts to the contrary.

Like the defendant in *Mini Maid,* Creative Concepts and SandCrafters are not engaged in a franchisor-franchisee relationship or similar relationship. The Plaintiff does not and cannot factually allege such a relationship exists where Creative Concepts could exercise control over SandCrafters to induce SandCrafters to engage in trademark counterfeiting and/or infringement

7

or could similarly exercise control over SandCrafters to halt any alleged counterfeiting and/or infringement by SandCrafters. Additionally, the Plaintiff's allegation that Mr. Green saw "clear evidence" of the alleged counterfeiting and/or infringement on Klein's smartphone is not evidence of any alleged wrongdoing as plead and on the face of the Amended Complaint. Otherwise stated, the allegation that Klein merely flashing his smartphone's screen which had SandCrafters' website pulled up on one occasion cannot on its own lead to a reasonable inference that Creative Concepts had knowledge of SandCrafters' alleged trademark counterfeiting and/or infringement.

The Plaintiff also has not plead any allegations that if taken as true would lead to a reasonable inference that Creative Concepts facilitated any alleged trademark counterfeiting and/or infringement by SandCrafters. The Plaintiff does not and cannot allege that Creative Concepts provided SandCrafters with a venue or place for SandCrafters to operate its business. Creative Concepts does not manage SandCrafters website, or facilitate any transactions between SandCrafters and its customers. Furthermore, Creative Concepts does not provide SandCrafters with a product that SandCrafters that is then mislabeling as the defendant did in *Inwood Labs*. It merely happens to supply SandCrafters with a product similar to the one produced by Plaintiff. This fact alone does not and cannot lead to a reasonable inference that Creative Concepts is knowingly facilitating a scheme to infringe on Plaintiff's trademark. If SandCrafters were engaging in the alleged counterfeiting and/or infringement, this situation would be similar to *Lockheed*, where customers of the defendant (i.e. Creative Concepts) has engaged in infringement outside of the defendant's control.

As stated in *Mini Maid*, this Court should look to Plaintiff's allegations concerning the extent to which SandCrafters and Creative Concepts communicated about the alleged

counterfeiting and/or infringement to determine if Plaintiff has plead sufficient allegations for a reasonable inference that Creative Concepts had knowledge concerning the alleged trader counterfeiting and/or infringement. Upon this Court's review of Counts VI and VI of the Amended Complaint, this Court will clearly conclude that Plaintiff has not alleged facts that if taken as true lead one to reasonably infer that Creative Concepts and SandCrafters have engaged in any communications concerning the alleged counterfeiting and/or infringement.

Plaintiff states that on "information and belief" Creative Concepts and SandCrafters discussed the meeting between Mr. Green and Klein without any factual basis or support. [Doc. 18 at ¶53]. Even if, *arguendo,* the Plaintiff's allegation concerning this alleged communication between Creative Concepts and SandCrafters was accurate-which it is not-that alone does not lead one to reasonably infer that Creative Concepts and SandCrafters had discussed the alleged trademark counterfeiting and/or infringement at length, or that Creative Concepts was complicit in the alleged counterfeiting and/or infringement. Therefore, Plaintiff fails to allege sufficient facts regarding how alleged communications between Creative Concepts and SandCrafters show that Creative Concepts knew about SandCrafters' alleged trademark counterfeiting and/or infringement.

Based upon the foregoing, and based on Rule 12(b)(6), this Court should dismiss Counts V and VI of Plaintiff's Amended Complaint for failure to state a claim.

II. **IN THE ALTERNATIVE, CREATIVE CONCEPTS' MOTION FOR MORE DEFINITE STATEMENT SHOULD BE GRANTED BECAUSE THE PLAINTIFF'S ALLEGATIONS ARE VAGUE.**

Should this Court deem it proper not to dismiss Counts V and VI of Plaintiff's Amended Complaint, this Court should grant Creative Concepts' Motion for a More Definitive Statement pursuant to Fed. R. Civ. P. 12(e) because the ambiguity of the Plaintiff's allegations make it

impossible for Creative Concepts to reasonably prepare a response. *See* Fed. R. Civ. P. 12(e); *Gilbert*, 624 F. App'x at 718.

The Plaintiff describes an alleged meeting between Mr. Green and Klein as the sole basis for its claims that Creative Concepts knowingly engaged in contributory trademark counterfeiting and/or trademark infringement in violation of the Lanham Act. [Doc. 18 at ¶¶ 42-54]. However, aside from being far from facially plausible, the Plaintiff's allegations give little detail about the particulars of the meeting, and does not explain how, even if Mr. Green saw Plaintiff's logo on SandCrafters' website, this would mean that Creative Concepts knew about SandCrafters' alleged counterfeiting and/or infringement. Otherwise stated, the Plaintiff's allegations are so vaguely plead that Creative Concepts cannot adequately respond. The Plaintiff then attempts to allege that Creative Concepts contacted SandCrafters to discuss Klein's meeting with Mr. Green. *Id.* at ¶53. At the very least, the Plaintiff's allegations are speculative and unsupported by fact. As a result, the Plaintiff's are vague and unambiguous, thus making it impossible for Creative Concepts to respond.

Therefore, based upon the foregoing and Rule 12(e), this Court should require the Plaintiff to amend its allegations in Counts V and VI of Plaintiff's Amended Complaint so that they are less vague and ambiguous relating to Creative Concepts' alleged and unproven actions in order for Creative Concepts to respond to these unfounded statements.

**WHEREFORE**, Defendant, SANDBLAST BY CREATIVE CONCEPTS, INC., respectfully requests that this honorable Court dismiss Counts V and VI of Plaintiff's Amended Complaint; in the alternative Order that Plaintiff provide a more definite statement for any second amended pleading that Plaintiff may choose to file for Counts V and VI; and grant such other and further relief as this Court deems to be just and proper.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed using the Court's CM/EFC system, which will automatically notify counsel of record: Counsel for Plaintiff, John T. Nelson, Esq., Nelson Cyber Law, PLLC, 360 Central Ave., 8th Floor, St. Petersburg, Florida 33701; john@nelson.law; Counsel for SandCrafters, LLC and Sally Solomon, C. Ryan Jones, Esq., and Kimberly Van Der Riet, Esq., Traub Lieberman & Shrewsberry, LLP, , P.O. Box 3942, St. Petersburg, Florida 33731; rjones@tlsslaw.com; kvanderriet@tlsslaw.com, servicerjones@traublieberman.com this 30th day of July, 2018.

KILLGORE, PEARLMAN, SEMANIE,
DENIUS & SQUIRES, P.A.
2 S. Orange Avenue, 5th Floor
P. O. Box 1913
Orlando, Florida 32802-1913
Telephone: (407) 425-1020
Facsimile: (407) 839-3635
*Attorneys for Defendant*

*/s/ Douglas P. Gerber*
Frank H. Killgore, Jr.
Florida Bar No. 372420
Douglas P. Gerber
Florida Bar No. 15269
fkillgore@kpsds.com
dgerber@kpsds.com
tscarbrough@kpsds.com