UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDYMAN KITCHENS INC.,

    Plaintiff,

v.                                                           CASE NO. 8:18-cv-869-T-23CPT

SANDCRAFTERS LLC, et al.,

    Defendants.
_____/

## **ORDER**

Candyman Kitchens, owner of the registered mark SANDY CANDY, sues (Doc. 18) under the Lanham Act, 15 U.S.C. § 1114, and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). Sandy Candy is the name of an edible sand art created by Candyman's president. Candyman alleges that two of the defendants — Sandcrafters, a limited liability company, and Sally Solomon, Sandcrafters' sole member and employee — infringed the mark by operating the online domain SandyCandy.com after Candyman revoked Sandcrafters' permission to use the mark. Also, Candyman alleges that Creative Concepts, which produces an edible sand art called Pucker Powder, contributorily infringed the mark.

Solomon moves (Doc. 26) to dismiss for failure to state a claim against her individually. Creative Concepts moves (Doc. 34) to dismiss for failure to state a claim for contributory infringement and alternatively moves (Doc. 34) for a more

definite statement.  Sandcrafters moves (Doc. 37) to amend the affirmative defenses.
Candyman opposes (Docs. 28, 36, 38) each motion.

## DISCUSSION

**Solomon's Motion to Dismiss**

Under Florida law, a member or manager of a limited liability company is personally liable for the torts committed within the scope of the employment. *Cannon v. Fournier*, 57 So.3d 875, 881 (Fla. 2d DCA 2011) (holding a limited liability company's sole member personally liable for a tort committed in the scope of the employment); *Orlovsky v. Solid Surf, Inc.*, 405 So.2d 1363, 1364 (Fla. 4th DCA 1981). If committed in the scope of the member or manager's employment, trademark infringement is among the torts for which a member or manager is personally liable. *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991).

Citing Section 605.0304(1), Florida Statutes, which states that a member or manager of a limited liability company "is not personally liable . . . for a debt, obligation, or other liability of the company," Solomon denies (Doc. 26) liability for Candyman's claim.  Solomon's reliance on the statute is misplaced because Solomon's liability for her direct, personal, and active tortious conduct committed within her activity as the limited liability company's sole member is a liability that is entirely distinguishable and distinct from any derivative liability for a "debt, obligation, or other liability of the company," from which the statute insulates her. Solomon's motion to dismiss is denied.

**Creative Concepts' Motion to Dismiss**

In December 2016, Candyman ceased supplying Sandy Candy to Sandcrafters and revoked Sandcrafters' permission to use the SANDY CANDY mark. Candyman contends that Sandcrafters infringed the mark by continuing to operate SandyCandy.com despite Candyman's revocation of Sandcrafters' permission to use the mark. (Doc. 18 at ¶ 30)

With the supply of Sandy Candy terminated, Sandcrafters began selling Creative Concepts' Pucker Powder to customers drawn to the website featuring the Sandycandy.com domain name. (Doc. 18 at ¶¶ 33–37) In July 2017, Candyman's president, David Klein, traveled to Creative Concepts' factory to meet Scott Green, Creative Concepts' co-owner. (Doc. 18 at ¶¶ 43–44) Responding to questions from Klein, Green claimed to lack knowledge of any trademark infringement by Sandcrafters. Klein showed Green the allegedly infringing SandyCandy.com website and informed Green that Sandcrafters promoted and sold Pucker Powder to customers attracted to SandyCandy.com. (Doc. 18 at ¶¶ 45–49) Creative Concepts continues to supply Pucker Powder to Sandcrafters.

A trademark owner can hold a manufacturer liable as a contributor for a merchant's direct infringement of a trademark if the manufacturer intentionally induces the merchant to infringe the trademark or if the manufacturer "continues to supply [the manufacturer's] product to [a merchant] whom [the manufacturer] knows or has reason to know is engaging in trademark infringement . . . ." *Inwood Labs., Inc.*

*v. Ives Labs., Inc.*, 456 U.S. 844, 853–54 (1982).  Candyman alleges that, because of Klein's informing Green of the infringement and of the sales of Pucker Powder, Creative Concepts knew after July 2017 that Sandcrafters sold Pucker Powder through the infringing SandyCandy.com and that Creative Concepts has continued to supply Pucker Powder to Sandcrafters.

Contributory infringement encompasses a party that continues to supply a product or service "knowing or having reason to know that [the recipient] is acting or will act tortiously . . . ."  *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1148–49 (7th Cir. 1992) (quoting *Restatement (Second) of Torts* § 877(c)).  Accordingly, not only manufacturers[1] but also franchisors,[2] licensors,[3] distributors,[4] and competitors[5] have faced contributory liability for supplying a product to a direct infringer while knowing of the infringement.  By alleging that Klein in July 2017 apprised Creative Concepts of Sandcrafters' infringement and that Creative Concepts continues to supply Pucker Powder to Sandcrafters, Candyman states a claim against Creative Concepts for contributory infringement.

**Creative Concepts' Motion for a More Definite Statement**

---

[1] *Inwood Labs*, 456 U.S. at 853–54; *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1381–82 (9th Cir. 1984).

[2] *Mini Maid Servs., Inc. v. Maid Brigade Sys., Inc.*, 967 F.2d 1516, 1522 (11th Cir. 1992).

[3] *Jeffrey v. Cannon Films, Inc.*, 3 U.S.P.Q. 2d 1373 (C.D. Cal. June 9, 1987) (Rymer, J.); Pony *Int'l v. Genfoot America, Inc.*, 223 U.S.P.Q. 1150, at *2 (S.D.N.Y. July 27, 1983) (Duffy, J.).

[4] *Getty Petroleum Corp. v. Island Transportation Corp.*, 862 F.2d 10 (2d Cir. 1986).

[5] *Ciba-Geigy Corp. v. Bolar Pharm. Co., Inc.*, 747 F.2d 844, 849 (3d Cir. 1984).

Under Rule 12(e), Federal Rules of Civil Procedure, a party may move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Rule 8(a), Federal Rules of Civil Procedure, requires only a short and plain statement of each claim. Because the complaint fairly notifies Creative Concepts of the basis for the claim, Creative Concepts' motion for a more definite statement (Doc. 34) is denied.

**Sandcrafters' Motion to Amend Answer**

Sandcrafters moves for leave to amend the answer to add new affirmative defenses and supplement previously asserted affirmative defenses with additional facts. The June 11, 2018 scheduling order (Doc. 21) states "Under Local Rule[] 3.05(c)(2)(E) . . . a motion to amend a pleading . . . is distinctly disfavored after issuance of this order." Because Sandcrafters moves to modify a deadline established by a scheduling order, Sandcrafters must demonstrate "good cause" under Rule 16(b)(4), Federal Rules of Civil Procedure. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Sandcrafters must establish "good cause" before asserting the Rule 15(a), Federal Rules of Civil Procedure, "freely given" standard for amending a pleading. *See Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 616–17 (M.D. Fla. 2015) (Whittemore, J.). Sandcrafters fails to state good cause.

## CONCLUSION

Solomon's motion to dismiss (Doc. 26) is **DENIED**. Creative Concepts' motion to dismiss and alternative motion for a more definite statement (Doc. 34) are

**DENIED**.  Sandcrafters motion to amend the answer (Doc. 37) is **DENIED WITHOUT PREJUDICE**.  No later than **DECEMBER 21, 2018**, Sandcrafters may again move for leave to amend the answer.

ORDERED in Tampa, Florida, on December 7, 2018.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE