UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CANDYMAN KITCHENS INC.,

    Plaintiff,

v.                                                                                  CASE NO. 8:18-cv-869-T-23CPT

SANDCRAFTERS LLC, et al.,

    Defendants.
_____/

## **ORDER**

In this trademark infringement action, a December 7, 2018 order (Doc. 43) denies without prejudice Sandcrafters' motion to amend the answer. Sandcrafters renews the motion (Doc. 46) for leave to amend.

The December 7 order informs Sandcrafters that modifying a scheduling order, including by moving after a scheduling order's issuance to amend a pleading, is "distinctly disfavored." To obtain leave to amend the answer, "Sandcrafters must demonstrate 'good cause' under Rule 16(b)(4), Federal Rules of Civil Procedure." (Doc. 43 at 5) "The good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam).

The party seeking to amend a pleading must demonstrate diligence. *Romano v. Secretary, DOC*, No. 2:06-cv-375-FtM-29DNF, 2011 WL 2292135, at *1 (M.D. Fla.

June 8, 2011) (Steele, J.) (citing *Sosa*, 133 F.3d at 1418).[1] But Sandcrafters' renewed motion, which offers only an ambiguous recital of a discussion with Candyman's counsel at the mediation, fails to mention Rule 16, fails to show diligence, and fails to discuss the considerations relevant to an assessment of a movant's diligence.[2] Because, among other reasons, Sandcrafters fails to demonstrate good cause, the motion (Doc. 46) is **DENIED**.

ORDERED in Tampa, Florida, on January 11, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] Failing to demonstrate that "the schedule [could not] be met despite the diligence of the party seeking the extension" frequently results in denial of a motion to amend. *United States v. Liberty Mut. Ins. Co.*, No. 8:12-cv-2921-T-24TBM, 2015 WL 12868189, at *3 (M.D. Fla. Oct. 13, 2015) (Bucklew, J.); *Duffy v. Fox News Network, LLC*, No. 6:14-cv-1545-Orl-37TBS, 2015 WL 5009101, at *1, 5 (M.D. Fla. Aug. 21, 2015) (Dalton, J.); *Arianas v. LVNV Funding LLC*, 307 F.R.D. 615, 618 (M.D. Fla. June 26, 2015) (Whittemore, J.); *Hill v. Allianz Life Ins. Co. of. N. Am.*, No. 6:14-cv-950-Orl-41KRS, 2015 WL 12838838, at *5 (M.D. Fla. June 17, 2015).

[2] *Lord v. Fairway Elec. Corp.*, 223 F. Supp.2d 1270, 1277 (M.D. Fal. 2002) (Antoon, J.) (citing *Sosa*, 133 F.3d at 1418–19) (naming "factors" considered to assessing diligence).